**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4319**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

FREDERICK MAURICE BROWN,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:04-cr-00120-FDW-1)

Submitted:  January 8, 2010          Decided:  February 2, 2010

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Faith S. Bushnaq, BUSHNAQ LAW OFFICE, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Maurice Brown appeals from the 121-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (2006). Brown's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court sufficiently articulated the reasons for Brown's sentence. Brown was advised of his right to file a pro se brief, but has not done so. The Government has not filed a brief. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and the substantive reasonableness of a sentence. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Gall, 552 U.S. at 49-51. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or

2

failed to sufficiently explain the selected sentence. Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We then review whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and made "an individualized assessment based on the facts presented." Gall, 552 U.S. at 50; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review" (internal quotation marks omitted)).

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51). This court accords a sentence within the properly calculated guidelines range an appellate presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). Such a presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

3

The district court followed the necessary procedural steps in sentencing Brown, properly calculating, treating as advisory, and considering the guidelines range, performing an individualized assessment of the relevant § 3553(a) factors, and stating in open court the reasons for its sentence. Brown's sentence, which is at the low end of the applicable guidelines range and below the statutory maximum of life imprisonment, is presumed on appeal to be reasonable, and Brown does not rebut this presumption. We conclude that the district court did not abuse its discretion in sentencing Brown.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4